# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JENNIFER WALKER, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 2:17-cv-02762-TLP-cgc |
| | ) JURY DEMAND |
| v. | ) ) |
| GUEST HOUSE AT GRACELAND LLC; ELVIS PRESLEY ENTERPISES; TENNESSEE PYRAMID MANAGEMENT LLC; MEMPHIS POOL SUPPLY, LLC; and SANTA BARBARA CONTROL SYSTEMS, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant/Cross Defendant Santa Barbara Control Systems ("SBCS") moves for judgment on the pleadings against Plaintiff. (ECF No. 53.) For the reasons below, the Court DENIES the Motion for Judgment on the Pleadings against Plaintiff.

### BACKGROUND

Plaintiff, a resident of the United Kingdom, sued after she became ill following a visit to The Guest House at Graceland (the "Hotel"). (ECF No. 35 at PageID 185.) Plaintiff claims that she was diagnosed with Legionnaires' disease and she alleges that she contracted the disease at the Hotel. (*Id*. at PageID 186.) The Shelby County Health Department ("SCHD") later performed an investigation of the Hotel facilities and found a positive sample of *Legionella* bacteria in a sprinkler system surrounding the "pool area." (*Id*.; *see also* ECF No. 53-2.) The

SCHD report states that the positive sample "was a water sample collected from the sprinkler located in a flower pot on the south side of the stairs in the pool area." (ECF No. 53-2 at PageID 381.) And the report refers to testing which "found evidence of legionella in landscape sprinklers and the aquatic facilities in that vicinity." (*Id.* at PageID 382.) The report concludes that hotel guests with confirmed or probable *Legionella* infections spent more time "in and around the hotel pool and hot tub than did people who did not get sick." (*Id.*)

SBCS, through its Chemtrol division, manufactures and markets water-chemistry controllers intended to permit the automated control of the chemical treatment of swimming pools and hot tubs. (ECF No. 35 at PageID 195.) The Hotel used these water-chemistry controllers in its pool and hot tub when Plaintiff allegedly became ill. (ECF No. 45 at PageID 294–95.) Plaintiff at first did not sue SBCS, but she later brought claims after other named defendants alleged comparative fault against SBCS. (ECF No. 22 at PageID 111.) Plaintiff then filed the Amended Complaint alleging negligence and strict products liability against SBCS related to the use of the water-chemistry controllers in the Hotel's swimming pool and hot tub. (ECF No. 35 at PageID 195, 208.)

SBCS now moves to dismiss all claims against it, arguing that the pleadings do not plausibly allege that *Legionella* bacteria was present in the swimming pool or hot tub—the only places where the Hotel used SBCS systems—or that the SBCS water chemistry controllers were defective. (*See* ECF No. 53.)

## STANDARD OF REVIEW

SCBS seeks relief under Rule 12(c) of the Federal Rules of Civil Procedure. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court reviews a motion for judgment on the pleadings

2

under Rule 12(c) using the same standard as a motion to dismiss under Rule 12(b)(6). *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009).

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint's allegations by arguing the allegations establish no claim for which relief can be granted. To test the sufficiency of the complaint, the Court also looks to Rule 8. Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2013) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)).

A court considering a motion to dismiss under Rule 12(b)(6) must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court need not accept as true legal conclusions or unwarranted factual inferences. *Hananiya v. City of Memphis*, 252 F. Supp. 2d 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)). And courts may consider public records and documents referred to in the pleadings and central to the claims without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "Determining whether a complaint states a

plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To summarize, "[t]o withstand a Rule 12(c) motion for judgment on the pleadings, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Commercial Money Ctr., Inc.*, 508 F.3d at 336). Put another way, "[t]he Court's narrow inquiry on a motion to dismiss under Rule 12(b)(6) is based upon whether the claimant is entitled to offer evidence to support the claims, not whether the plaintiff can ultimately prove the facts alleged." *Time & Sec. Mgmt., Inc. v. Pittway Corp.*, 422 F. Supp. 2d 907, 910 (W.D. Tenn. 2006) (citations and internal quotation marks omitted).

## ANALYSIS

SBCS moves to dismiss Plaintiff's claims of negligence and strict products liability. (ECF No. 53.) The Court will address each claim.

**I.      Plaintiff's Negligence Claim**

Under Tennessee law, the elements of a negligence claim are: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause."[1] *West v. East Tennessee Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005) (citation omitted). SBCS claims that Plaintiff has not plead sufficient factual allegations to support a claim for negligence. (ECF No. 53-1 at PageID 369.)

---

[1] This matter is here under alienage jurisdiction, 28 U.S.C. § 1332(a)(2), and thus the Court applies the substantive law of Tennessee, the forum state.

For example, SBCS objects to Plaintiff using the phrase "upon information and belief" throughout the complaint to support her allegations that *Legionella* bacteria was present in the swimming pool and hot tub. (*Id.*) SBCS cites *Germain v. Teva Pharm., USA, Inc.*, 756 F.3d 917, 931 (6th Cir. 2014), to argue that subjective beliefs do not create plausible claims. (*Id.* at PageID 370.) In fact, SBCS asserts that the only factual allegation about positive samples of *Legionella* bacteria related to a sprinkler system rather than the swimming pool and hot tub. (*Id.*) SBCS also points out that Plaintiff never claims to have used the swimming pool or hot tub, rather she claims to have only been "near and around" the pool area. (ECF No. 65 at PageID 490.) Indeed, SBCS points out that SCHD tested the swimming pool and hot tub for *Legionella* bacteria but did not report finding positive samples of the bacteria in these water facilities. (ECF No. 53-1 at PageID 372.) As a result, SCBS alleges that this report clears them of any fault. (*Id.* at PageID 371–73.) Thus, SBCS argues that the Court should enter judgment in its favor.

Plaintiff counters that the SCHD report finding that individuals with confirmed or probable *Legionella* infections spent more time in and around the pool and hot tub. And Plaintiff alleges that she spent time near the pool and hot tub which supports a plausible claim that she contracted the *Legionella* bacteria from the systems where SBCS' products were in use. (*Id.* at PageID 457.) To be sure, Plaintiff acknowledges that her pleadings are based on "information and belief." But she claims that these allegations are appropriate in this situation because, right now, SCBS and the other defendants control the technical information needed to support her claim. (*Id.*) In particular, Plaintiff alleges that records of the monitoring and maintenance of the chemical levels in the pool would form a link between Plaintiff's injury and

SBCS. (*Id.*) As the litigation unfolds, Plaintiff likely will seek this technical information during discovery. For these reasons, Plaintiff argues that SBCS' motion should be denied.

Plaintiff only needs to plead enough factual content to allow the Court to draw a reasonable inference that SBCS was negligent. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While finding evidence of the bacteria near the pool and hot tub is not quite the same as finding bacteria in the pool or hot tub, it is still plausible—based on the proximity of the sprinkler to the pool and hot tub—that live bacteria could have been present in the pool or hot tub at the time Plaintiff was a guest at the Hotel. Also, SBCS has not persuaded the Court that Plaintiff had to use the swimming pool or hot tub to be exposed to the bacteria here. Rather, it is plausible that Plaintiff might have been exposed to *Legionella* bacteria while lounging near the pool or hot tub.

Furthermore, SBCS' argument that *Germain* requires dismissal is unavailing. The Sixth Circuit held that dismissal was appropriate in *Germain* not just based on the use of the phrase "upon information and belief,"[2] but also because the complaint failed to identify the alleged wrongdoer, it gave no grounds on which the assertion rested, or even allege that they used the defendant's products. *See Germain*, 756 F.3d at 931, 940. While the use of the phrase "upon information and belief" does not satisfy the pleading standard itself, Plaintiff couples this belief with the factual assertions that render the claims plausible. Thus, construing the facts in the light most favorable to Plaintiff, the Court finds that she pleaded enough factual allegations for a reasonable inference that SBCS was negligent.

---

[2] "Even putting aside the words 'upon information and belief,' the complaints still fail." *Germain*, 756 F.3d at 931–32.

## II. Plaintiff's Products Liability Claim

The Tennessee Products Liability Act ("TPLA") allows a plaintiff to bring a products liability action "against a manufacturer or seller on strict liability grounds, with no proof of negligence, if the product causing injury to person or property 'is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.'" *Nye v. Bayer Cropscience, Inc.*, 347 S.W.3d 686, 693 (Tenn. 2011) (citing Tenn. Code Ann. § 29-28-105(a)). SBCS argues that Plaintiff has failed to allege a claim for strict products liability for the same reasons that she has not pleaded a claim for negligence—no factual evidence showing *Legionella* bacteria was present in the swimming pool or hot tub. (ECF No. 53-1 at PageID 369.) Plaintiff has pleaded enough factual allegations to support a plausible claim that *Legionella* bacteria was present in the pool or hot tub. Viewing the facts in the light most favorable to Plaintiff, it is plausible that SBCS' products did not operate properly and were therefore in a defective condition. Plaintiff has therefore pleaded a plausible claim for strict products liability.

## **CONCLUSION**

For these reasons, Defendant Santa Barbra Control Systems' Motion for Judgment on the Pleadings against Plaintiff is DENIED.

**SO ORDERED**, this 19th day of December, 2018.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE